UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Frank Philbrook

    v.                                              Civil No. 08-cv-166-SM

Cpl. Jason Lemere, et al.[1]

**O R D E R**

Before the Court is Frank Philbrook's complaint (document no. 1), filed pursuant to 42 U.S.C. § 1983, alleging that he was assaulted by a corrections officer, in violation of his federal constitutional rights, during his April 2005 incarceration at the Sullivan County House of Corrections ("SCHC"). Because Philbrook is a prisoner proceeding both pro se and in forma pauperis, the matter is before me for preliminary review to determine whether the complaint states any claim upon which relief might be granted. See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2). As explained herein, I

---

[1] In addition to Lemere, Philbrook names the following employees of the Sullivan County House of Corrections as defendants to this action: Corrections Officer ("C.O.") Matthew Lockhart, C.O. Heather Murphy, Cpl. Sean Mellish, C.O. McCann (first name unknown ("FNU")), C.O. FNU Brookins, C.O. Kenneth Swain, C.O. John Milliken.

find that Philbrook has stated the minimum facts necessary to assert a claim for relief, and I direct that this action proceed against defendants at this time.

Philbrook has also filed a motion seeking court-appointed counsel in this matter (document no. 7). For the reasons stated herein, that motion is denied.

## Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid

inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

On April 28 and April 29, 2005,[2] while Philbrook was incarcerated at the SCHC, there was a disturbance at that facility in which Philbrook was involved. Philbrook claims that during this disturbance, he defended himself by using a mattress as a shield, and, as a result, was charged with assault. Philbrook has been sentenced to the New Hampshire State Prison for 3-30 years for assault for his involvement in the distubance.

Philbrook states that during the disturbance, he was restrained and handcuffed, and was being escorted off of the tier where the disturbance occurred. While being escorted, Philbrook

---

[2]This action was received in this Court on April 30, 2008. Due to the vagaries of mail from the New Hampshire State Prison, where Philbrook currently resides, I find that the complaint may well have been mailed prior to the expiration of the three-year limitations period for this action, and I therefore do not, at this stage of the proceedings, recommend dismissal on timeliness grounds.

states that an unidentified officer standing to his right punched him hard in the side of the head, causing pain and bruising. Philbrook claims that the punch could have come from any of the defendant officers, who were apparently all present, but he cannot identify which officer actually threw the punch. Philbrook asserts that the identity of his assailant would be revealed by a videotape taken by the Claremont Police Department and/or in SCHC personnel records relating to the incident, but that he has not received any response to his attempts to gain access to those items.  Philbrook asserts that in addition to bruising and pain, he suffered a seizure brought on by the stress of the punch to his head as well as psychological pain.

Discussion[3]

I.  Section 1983

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law.  See 42 U.S.C. § 1983[4]; City of Okla. City v.

---

[3] The claims, as identified herein, shall be considered to be the claim raised in the complaint for all purposes.  If Philbrook disagrees with the identification of the claims in this Order, he must file a motion to amend his complaint.

[4] 42 U.S.C. § 1983 provides that:

> Every person who under color of any statute,

Tuttle, 471 U.S. 808, 829 (1985); Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002). In order for a defendant to be held liable under § 1983, his or her conduct must have caused the alleged constitutional or statutory deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978); Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997). Here, Philbrook claims that defendant SCHC employees are state actors, and that they violated his federal constitutional right not to be subjected to cruel and unusual punishment. Philbrook's action arises, therefore, under § 1983.

## II. Philbrook's Incarcerative Status

It is unclear from his complaint whether Philbrook was a pretrial detainee or sentenced inmate at the time the events he describes occurred. If he was a pretrial detainee, Philbrook's action arises under the Fourteenth Amendment. See, e.g., Lyons v. Powell, 838 F.2d 28, 29 (1st Cir. 1988) (per curiam) (rejecting an Eighth Amendment challenge to pretrial detention).

---

> ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

5

"'[T]he State does not acquire the power to punish, with which the Eighth Amendment is concerned, until after it has secured a formal adjudication of guilt in accordance with due process of law.'"  Martinez-Rivera v. Ramos, 498 F.3d 3, 9 (1st Cir. 2007) (quoting Ingraham v. Wright, 430 U.S. 651, 671-72 n.40 (1977)). Detainees have a constitutional right under the due process clause of the Fourteenth Amendment to be free of punishment.  See Surprenant v. Rivas, 424 F.3d 5, 15 (1st Cir. 2005) (citing O'Connor v. Huard, 117 F.3d 12, 15 (1st Cir. 1997)).  However, challenged conditions or restrictions which can be rationally related to some legitimate administrative goal or security concern generally will not be deemed unconstitutional "punishment."  O'Connor, 117 F.3d at 15.  Because the Due Process Clause prohibits the infliction of punishment on a person prior to a judgment of conviction, the issue in evaluating claims by a pretrial detainee is ultimately whether the conditions of confinement were reasonably related to a legitimate state interest or were intended instead as punishment.  See Surprenant, 424 F.3d at 13; Collazo-Leon v. U.S. Bureau of Prisons, 51 F.3d 315, 317 (1st Cir. 1995).

Prison conditions for sentenced inmates are scrutinized under the Eighth Amendment, which protects against the infliction of cruel and unusual punishment.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Burrell v. Hampshire County, 307 F.3d 1, 7 (1st Cir. 2002).  The Eighth Amendment prohibits any punishment which violates civilized standards of decency or involves the "unnecessary and wanton infliction of pain."  Ingraham, 430 U.S. at 670 (quoting Estelle, 429 U.S. at 97, 102-03.

The Fourteenth Amendment analysis afforded pretrial detainees allows for a more expansive recognition of cognizable claims than the standard applied to convicted inmates.  I will presume, therefore, for purposes of preliminary review, that Philbrook was a pretrial detainee when the alleged incidents occurred, and evaluate his claims accordingly.  I note, however, that I would reach the same conclusion under an Eighth Amendment analysis.  I find that Philbrook has alleged a violation of his right not to be subjected to force during his incarceration that amounts to punishment.  I would find, for purposes of preliminary review, that Philbrook has also stated facts sufficient to allege the "unnecessary and wanton infliction of pain" required to state a violation of the Eighth Amendment.  Id.

III. <u>Excessive Force</u>

The Fourteenth Amendment protects a pretrial detainee from excessive force that amounts to punishment. <u>See</u> <u>O'Connor</u>, 117 F.3d at 16; <u>Garcia v. City of Boston</u>, 115 F. Supp. 2d 74, 81 (D. Mass. 2000), <u>aff'd</u>, 253 F.3d 147 (1st Cir. 2001). In determining whether a plaintiff has stated a claim for unconstitutionally excessive force, the court should look to the following four factors: (1) "the need for application of force," (2) "the relationship between the need and the amount of force that was used," (3) "the extent of injury inflicted," and (4) "whether the force was applied in good faith to maintain or restore discipline or maliciously and sadistically for the very purpose of inflicting harm." <u>Garcia</u>, 115 F. Supp. 2d at 81. Philbrook alleges that the officer who punched him in the head used excessive force when he did so, because, at the time, Philbrook was restrained and handcuffed, and therefore posed no threat to the officers. Other than defending himself by using a mattress as a shield, Philbrook alleges, he did nothing to provoke an attack prior to being restrained. Philbrook alleges that because he was already restrained and handcuffed at the time he was punched, that force was not applied in order to maintain or

restore discipline but was applied sadistically and maliciously. Accordingly, I find that Philbrook has stated a valid claim for excessive force in violation of the Fourteenth Amendment against the officer who punched him.

IV.  The Defendants

Philbrook has named eight corrections officers as defendants to this action.  Philbrook alleges that one officer punched him in the head.  Philbrook is not, at this time, however, able to identify which of the defendants actually punched him.  I presume that as Philbrook alleges that it could have been any of the defendants, that all of the named defendants were present at the time he was punched.

Upon service of this action on the named defendants, Philbrook can serve the defendants with interrogatories to obtain the specific information he needs to determine who punched him, pursuant to Fed. R. Civ. P. 33(a) which states in pertinent part:

> Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by an officer or agent, who shall furnish such information as is available to the party.

Upon identification of the officer who assaulted Philbrook, defendants who are cleared of any involvement in the assault by the discovery materials may make appropriate motions to dismiss. I find, therefore, that serving this action on all of the officers potentially involved, is not overly burdensome, as it is the defendants themselves who possess the information that will identify the appropriate defendant to this action.

V.   Motion for Court-Appointed Counsel

Philbrook has filed a motion seeking court-appointed counsel (document no. 7). There is no absolute constitutional right to free legal representation in a civil case. Bemis v. Kelley, 857 F.2d 14, 15 (1st Cir. 1988). Rather, appointment of counsel in a civil case is left to the discretion of the court. See 28 U.S.C. § 1915(d); 42 U.S.C. § 3613(b). An indigent litigant must demonstrate that exceptional circumstances exist to justify appointment of counsel, such that without counsel the litigant most likely would be unable to obtain due process of the law. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991); Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) (per curiam). In the case at hand, Philbrook has, at this time, failed to establish the existence of such circumstances. Philbrook's motion for a

court-appointed attorney is therefore denied without prejudice to refiling in the future should circumstances warrant.

## Conclusion

For the foregoing reasons, I find that Philbrook has sufficiently alleged the minimum facts necessary to state an excessive force claim against the defendants.  Without further comment on the merits of the complaint, I order that it be served on the defendants.  My review of the file indicates that Philbrook has completed a single summons form listing all of the defendants.  Philbrook must submit a separate summons form for each defendant he seeks to name in this action.  The Clerk's office is directed to forward the appropriate forms to Philbrook, who must return the completed forms within thirty days of the date of this Order.  Upon receipt of the completed summons forms, the Clerk's office is directed to issue the summonses against defendants and forward to the office of the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office"), for each defendant, the summonses, copies of the complaint (document no. 1), and copies of this Order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon defendants.  See Fed. R. Civ. P. 4(c)(2).

Defendants are instructed to answer or otherwise plead within twenty days of service.  <u>See</u> Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:     October 20, 2008

cc:       Frank Philbrook, pro se