UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Frank Philbrook,
    Plaintiff

    v.                                    Civil No. 08-cv-166-SM
                                          Opinion No. 2009 DNH 182
Jason Lemere, Sean Mellish,
Joseph Brookens, John Milliken,
and Matthew Lockhart,
    Defendants

**O R D E R**

In this case, Frank Philbrook is suing six officers of the Sullivan County Department of Corrections ("DOC") for injuries he suffered when one of them punched him in the head during a jailhouse riot. Before the court is defendants' motion for summary judgment. Plaintiff has not objected. For the reasons given, defendants' motion for summary judgment is granted.

A summary judgment motion should be granted when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The object of summary judgment is to 'pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required.' " Dávila v. Corporación de P.R. para la Diffusión Pública, 498 F.3d 9, 12 (1st Cir. 2007) (quoting Acosta v. Ames Dep't Stores, Inc., 386

F.3d 5, 7 (1st Cir. 2004)).  "Once the moving party avers an absence of evidence to support the non-moving party's case, the non-moving party must offer 'definite, competent evidence to rebut the motion.' "  Meuser v. Fed. Express Corp., 564 F.3d 507, 515 (1st Cir. 2009) (citing Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991)).  When ruling on a party's motion for summary judgment, a trial court "constru[es] the record in the light most favorable to the nonmovant and resolv[es] all reasonable inferences in [that] party's favor."  Meuser, 564 F.3d at 515 (citing Rochester Ford Sales, Inc. v. Ford Motor Co., 287 F.3d 32, 38 (1st Cir. 2002)).

    At the relevant time, Philbrook was incarcerated in the Sullivan County House of Corrections, where, on April 28, 2005, a "small scale prison riot" broke out.  (Mellish Aff. ¶ 4.)  Because of his involvement in the riot, Philbrook was extracted from his cell during the early morning hours of April 29.  Philbrook charged the extraction team when he exited his cell, at which point correctional officers took him to the floor, placed him in restraints, and escorted him from the tier on which his cell was located.  While Philbrook was being escorted away, he was punched once in the head.  (Milliken Aff. ¶ 18.)

At the time of the incident, defendant Milliken was employed as a Captain by the DOC, and served as the leader of the extraction team. Defendants Mellish and Lemere, both sergeants, were also members of the extraction team. Defendant Lockhart was a correctional officer, and a member of the extraction team. Defendant Brookens was a correctional officer, but because he was not yet fully trained, he was not a member of either the extraction team or the tactical team that had been called in to back-up the extraction team; he merely observed Philbrook's extraction from a catwalk overlooking the tier on which Philbrook's cell was located.

According to their affidavits, none of the five defendants punched Philbrook (see Milliken Aff. ¶ 21; Mellish Aff. ¶ 16; Lemere Aff. ¶ 15; Lockhart Aff. ¶ 18; Brookens Aff. ¶ 15); four of them never saw Philbrook being punched (see Mellish Aff. ¶¶ 15-16; Lemere Aff. ¶ 13; Lockhart Aff. ¶ 15; Brookens Aff. ¶ 12); and none of them has ever learned the identity of the officer who did punch Philbrook (see Milliken Aff. ¶ 20; Mellish Aff. ¶ 17; Lemere Aff. ¶¶ 13-14; Lockhart Aff. ¶¶ 16-17; Brookens Aff. ¶¶ 13-14). Defendant Milliken did see the punch, on videotape, but was "unable to identify who threw the punch, as the team members were all in full tactical gear which included helmets and face shields." (Milliken Aff. ¶ 19.)

3

Philbrook claims that he was subjected to excessive force, in violation of the United States Constitution, when he was punched in the head by a correctional officer for no reason other than to inflict pain. Each named defendant argues that he is entitled to summary judgment because it is undisputed that he did not punch Philbrook. They are correct.

Each defendant has testified, via affidavit, that he did not punch Philbrook. For his part, Philbrook acknowledged, in his complaint, his inability to identify his assailant, but averred that he would be able to do so after viewing a videotape of the riot made by the Claremont Police Department. Defendant Milliken has, in fact, viewed that videotape. Defendants claim, on information and belief, that Philbrook has also seen the tape. However, and this is determinative, Philbrook has produced no evidence to counter the affidavits of the five defendants. Thus, there is affirmative evidence in the record that none of the five of them punched Philbrook, and <u>no</u> evidence that any of them did punch him. On that record, there is simply no trial-worthy factual issue. As plaintiff has not contested defendants' factual assertions, those assertions are taken as true. The undisputed factual record, then, entitles each defendant to judgment as a matter of law.

4

For the reasons given, defendants' motion for summary judgment (document no. 25) is granted. The clerk of the court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

December 2, 2009

cc: Frank Philbrook, <u>pro</u> <u>se</u>
    Corey M. Belobrow, Esq.